IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. WEST, et al., | 1:06-CV-0627-OWW-SMS-P |
| Plaintiffs, | ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN ONE NEW ACTION FOR PLAINTIFF THOMAS LEE CANUP |
| vs. | |
| JAMES YATES, et al., | |
| Defendants. | [Doc. 1] |

I.  Severance of Plaintiffs' Claims

Plaintiffs John E. West and Thomas Lee Canup are state prisoners proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, the two plaintiffs are in the custody of the California Department of Corrections. In this court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the

Dockets.Justia.com

changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals. In this case, the need for the plaintiffs to agree on all filings made in this action and the need for all filings to contain the original signatures of plaintiffs will lead to delay and confusion.

Accordingly, the court shall order plaintiffs' claims severed. Plaintiff West will proceed in this action, while plaintiff Thomas Lee Canup will proceed in separate civil actions to be opened by the Clerk of the Court. Each plaintiff shall proceed separately and shall be solely responsible for his own action.

The Clerk of the Court will be directed to assign a new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Since the claim of plaintiff Thomas Lee Canup will be severed, plaintiff shall be given thirty days to file, in his own action, an amended complaint and a completed application for leave to proceed in forma pauperis, using the forms provided by the court with this order.

II.     Plaintiff West's Application to Proceed In Forma Pauperis

Plaintiff West has submitted a completed application to proceed in forma pauperis in this action. In light of the instant order, the court will wait thirty days from the date of service of this order to grant plaintiff West's application.

III.    Plaintiff Canup's Application to Proceed In Forma Pauperis

The court will provide plaintiff Canup with the opportunity to either submit a new application form or pay the filing fee in full. Plaintiff Canup is informed that the section of the application form entitled "Certificate" must be filled out and signed by a prison official, and the application must be accompanied by a certified copy of plaintiff's prison trust account statement for the six month period immediately preceding the filing of the complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff West shall proceed as the sole plaintiff in case number 1:06-CV-0627-OWW-SMS-P;
2. The claim of plaintiff Thomas Lee Canup is severed from the claim of plaintiff West;
3. The Clerk of the Court is directed to:

1      a.    Open a separate civil action for plaintiff Thomas Lee Canup;

2      b.    Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

5      c.    File and docket a copy of this order in the new action opened for plaintiff Canup;

6      d.    Place a copy of the complaint filed on May 23, 2006 in the instant action in the new action opened for plaintiff Thomas Lee Canup;

8      e.    Send plaintiff Thomas Lee Canup an endorsed copy of the complaint, filed May 23, 2006, bearing the case number assigned to his own individual action;

10     f.    Send plaintiff Thomas Lee Canup a blank civil rights complaint form;

11   4.  The Clerk of the Court shall send plaintiff Thomas Lee Canup an application to proceed in forma pauperis by a prisoner;

13   5.  Within thirty (30) days from the date of service of this order, plaintiff Canup shall file a completed application to proceed in forma pauperis or pay the $350.00 filing fee in full;

15   6.  Within thirty (30) days from the date of service of this order, plaintiff Thomas Lee Canup shall each file an amended complaint bearing his new case number <u>and</u> either pay the filing fee in full or submit a completed application to proceed in forma pauperis bearing his new case number; and

19   7.  <u>Failure to comply with this order will result in a recommendations that the action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   June 15, 2006**                        **/s/ Sandra M. Snyder**
b6edp0                                           UNITED STATES MAGISTRATE JUDGE