IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE CANUP, | 1:06-CV-00768 OWW SMS P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO |
| JAMES YATES, | OBEY A COURT ORDER (Doc. 1) |
| Defendant. | |

Plaintiff Thomas Lee Canup ("plaintiff") is proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On June 16, 2006, the court issued an order requiring plaintiff to file an amended complaint, and either file an application to proceed in forma pauperis or pay the filing fee in full within thirty days of the date of service of the order. More than thirty days have passed and plaintiff has not complied with or otherwise responded to the court's order.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

---

[1] The United States Postal Service returned the order on June 26, 2006, as undeliverable. A notation on the envelope indicates that plaintiff is "Not at this address." However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1

1   control their dockets and "in the exercise of that power, they may impose sanctions including, where
2   appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).
3   A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure
4   to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-
5   54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
6   1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
7   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
8   local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service,
9   833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v.
10  Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to
11  comply with local rules).  In determining whether to dismiss an action for lack of prosecution, failure
12  to obey a court order, or failure to comply with local rules, the court must consider several factors: (1)
13  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)
14  the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
15  and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d
16  at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

17          In the instant case, the court finds that the public's interest in expeditiously resolving this
18  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
19  been pending since May 23, 2006. The third factor, risk of prejudice to defendants, also weighs in favor
20  of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
21  prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --
22  public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor
23  of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's
24  order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v.
25  Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The court's order
26  requiring plaintiff to file an amended complaint, and either file an application to proceed in forma
27  pauperis or pay the filing fee in full expressly stated: "Failure to comply with this order will result in
28

a recommendation that this action be dismissed." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on plaintiff's failure to obey the court's order of June 16, 2006.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 16, 2006**           /s/ Sandra M. Snyder
i0d3h8                                                   UNITED STATES MAGISTRATE JUDGE

3